Lawrence E. **OLIVER,**
**Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellee.**

No. 85–3811.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 29, 1986.
Decided Nov. 11, 1986.

---

John A. Tscholl, argued, Little and Tscholl, Canton, Ohio, for plaintiff-appellant.

Michael Anne Johnson, argued, Cleveland, Ohio, for defendant-appellee.

Before MERRITT, GUY and NORRIS, Circuit Judges.

MERRITT, Circuit Judge.

In this Social Security case, plaintiff Lawrence E. Oliver appeals from the Secretary's denial of his application for disability insurance benefits and from the denial of his motion to remand for consideration of new medical evidence. An administrative law judge found that Mr. Oliver was disabled. The Appeals Council reversed the disability determination, finding that Mr. Oliver could perform light or sedentary work. Appellant sought review in the district court, and the parties consented to proceedings before a magistrate. Both the claimant and the Secretary moved for summary judgment. The claimant then filed a motion for remand for the consideration of new medical evidence. The magistrate granted the Secretary's motion for summary judgment, affirmed the Secretary's decision to deny benefits, and overruled the claimant's motions for summary judgment and remand.

Two issues are presented by this appeal. First, whether the decision of the Secretary is supported by substantial evidence. Second, whether the magistrate's refusal to remand the case for the consideration of new evidence constitutes reversible error. We settle both of these issues in favor of the Secretary, and accordingly, we affirm the magistrate's decision.

Mr. Oliver, who is forty years old, filed for disability insurance benefits on June 15, 1981. He claimed that he was no longer able to work because he had experienced general weakness, pain, and forgetfulness following an episode of malignant hyperthermia during surgery.

In cases like this, where the Appeals Council disagrees with the administrative law judge's determination, the issue for review is whether the Appeals Council's findings, not those of the administrative law judge, are supported by substantial evidence. *Mullen v. Bowen*, 800 F.2d 535, 546 (6th Cir.1986).

The essential difference between the determination of the administrative law judge and that of the Appeals Council centers on the question of whether the claimant's impairment is disabling. In determining that the claimant is disabled, the administrative

law judge seemingly placed emphasis on the defendant's allegations of weakness and pain as supported by the medical evidence. The Appeals Council, on the other hand, discounted the claimant's allegations of pain. Moreover, the Appeals Council read the medical testimony as indicating that the claimant was, in fact, capable of light or sedentary work. If the claimant is capable of sedentary work, he is not disabled in light of his age, education, and work experience.

■ The findings of the Appeals Council that the claimant is capable of light or sedentary work is supported by substantial evidence. The claimant can drive a car for short distances and walks four or five blocks per day. He can stand for approximately thirty minutes and can sit for one and one-half hours. Although the doctors report general muscular weakness and some pain, they are unable to report any specific findings as to the extent of the damage which causes his minor forgetfulness problems. In conclusion, we hold that substantial evidence supports the Appeals Council's decision.

The second issue is whether the magistrate erred in refusing to remand for consideration of new evidence. The power of a reviewing court to remand for the consideration of new evidence is governed by 42 U.S.C. § 405(g) (1982). "The court ... may at any time order additional evidence to be taken before the Secretary, but only upon showing that there is *new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding...." (Emphasis supplied.)

It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405. *Willis v. Secretary of Health and Human Services,* 727 F.2d 551 (6th Cir.1984).

■ The additional medical evidence submitted by the claimant is not material to the Secretary's decision that Oliver could perform light or sedentary work as of December 5, 1983. The new evidence was compiled in March 1985, and it does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983. Claimant argues that the evidence shows his condition has worsened since the Secretary's decision was made. While this may be true, it does not affect the Secretary's 1983 decision. *Simmons v. Schweiker,* 563 F.Supp. 182, 186 (D.Ariz.1983).

■ Oliver has also failed to satisfy the good cause requirement of Section 405(g). The additional medical reports were prepared after the Secretary's final decision and therefore could not have been presented at the hearing. While the dates on the reports alone seemingly satisfied the good cause test in *Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir.1982), this circuit has taken a harder line on the good cause test. *Willis v. Secretary of Health and Human Services,* 727 F.2d at 554. *Willis* held that in order to show good cause the complainant must give a valid reason for his failure to obtain evidence prior to the hearing. In this case, Oliver does not have a valid reason for his failure to obtain a right quadricepts biopsy, a neuro-psychological examination, or a university neurologist evaluation prior to the hearing. Therefore, the good cause requirement has not been met.

The magistrate was correct in denying the request for remand. Oliver failed to show either that the new medical evidence was material or that there was good cause for his failure to present the new evidence at the hearing. He must prove both to justify a remand. Accordingly, the decision of the magistrate is affirmed.