861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patsy EDGECOMBE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-2122.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edgecombe appeals the district court's memorandum opinion and order finding that substantial evidence supported the Secretary's decision to deny Edgecombe's claim for a period of disability and disability insurance benefits pursuant to sections 216(i) and 223 of the Act, 42 U.S.C. Secs. 416(i) and 423. We affirm.
 
 
 2
 Edgecombe worked for the Breckinridge Community School District from 1965 to 1976 as a cafeteria short order cook and cashier. Edgecombe's job required that she wait on customers, prepare meals, use kitchen facilities and utensils, operate automatic cooking and cleaning equipment, and operate the cash register at lunchtime. Edgecombe was required to walk and stand four to five hours a day, sit one hour a day, bend, reach, and lift approximately ten to twenty pounds.
 
 
 3
 Edgecombe alleged that she became disabled on January 20, 1976. Her disability insured status period ended on June 30, 1980. A vocational expert classified her prior work at the light and medium exertion levels and as unskilled in nature. Edgecombe filed an initial application for disability insurance benefits and a period of disability on February 15, 1981. Her application was denied. Edgecombe filed a second application on July 11, 1983 and this was also denied. The present application for a period of disability and disability benefits was filed on July 11, 1985. In this third complaint, Edgecombe alleges that she has been disabled since January 20, 1976 due to "rheumatoid arthritis and cirrhosis."
 
 
 4
 The administrative law judge determined that prior to June 30, 1980, Edgecombe retained the residual functional capacity to perform her past relevant work as a cafeteria short order cook and cashier and, therefore, was not disabled. After reviewing the entire record and additional evidence submitted after the hearing, the Appeals Council denied Edgecombe's request for review and allowed the hearing decision to become the final decision of the Secretary. A United States Magistrate issued a report and recommendation affirming the decision of the Secretary. The district court accepted the magistrate's report and recommendation and found that substantial evidence supported the Secretary's decision.
 
 
 5
 This court determines only whether the decision of the Secretary is supported by substantial evidence and whether correct legal standards were applied in reaching the decision. 42 U.S.C. Sec. 405(g); Garner v. Heckler, 745 F.2d 383 (6th Cir.1984). Edgecombe argues that the Secretary failed to apply the correct legal standard by not giving proper weight to the opinion of a treating physician. We find that the administrative law judge gave proper weight to the opinion of Dr. Miller.
 
 
 6
 Generally, the opinion of a treating physician is accorded more weight than an opinion by a consulting physician who has seen the claimant only once. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir.1983); Allen v. Califano, 613 F.2d 139 (6th Cir.1980). The opinion of a treating physician will be given complete deference only if it is uncontradicted, King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984), and only if the treating physician's opinion is based on sufficient objective medical data. 20 C.F.R. Sec. 404.1529 (1986); Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). In this case the administrative law judge found that the March 14, 1986 letter was contradicted by Dr. Miller's previous notes and diagnoses concerning Edgecombe which indicated that Edgecombe was not disabled. The March 14, 1986 letter was written two and one-half years after Dr. Miller's last progress reports concerning Edgecombe and five and one-half years after the close of Edgecombe's insured status period, and at the request of Edgecombe's attorney. The administrative law judge was within his proper bounds of discretion in rejecting the March 14, 1986 letter of Dr. Miller.
 
 
 7
 Edgecombe argues that the administrative law judge failed to combine the effects of both the impairments of rheumatic arthritis and cirrhosis in determining whether Edgecombe was disabled. However, the administrative law judge expressly noted both impairments in his findings of fact and discussed the evidence presented by Edgecombe in terms of both impairments. Edgecombe also argues that the Secretary erred in determining that Edgecombe did not meet the listings of impairments at 20 C.F.R. 404, Appendix 1. We find substantial evidence based on the record as a whole to support the finding of the administrative law judge that Edgecombe's impairments did not meet or equal the listed impairments in Appendix 1, Subpart P, Regulations No. 4.
 
 
 8
 Finally Edgecombe has requested this court in the event that it does not award benefits to Edgecombe to remand this case to the Social Security Administration for further proceedings. Edgecombe has failed to prove that she meets the requirements for a remand. Section 405(g) of 42 U.S.C. provides that a reviewing court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir.1986). Edgecombe bears the burden of producing evidence of an alleged disabling medical impairment. 20 C.F.R. Secs. 404.1512 and 404.1516 (1986). Edgecombe has failed to identify any new evidence that would be of significant impact on the ultimate disability determination, or make clear the materiality of such evidence to the present case.
 
 
 9
 For the reasons stated above, we affirm.