865 F.2d 262
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William VanVOLKENBURG, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1228.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1988.
 
 Before KENNEDY, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff William VanVolkenburg appeals the Secretary's denial of Supplemental Security Income (SSI) disability benefits under 42 U.S.C. Sec. 1381 et seq. (1982). Plaintiff claims that he was disabled following a heart attack in 1985, and also by a knee injury suffered in a snowmobile accident in early 1986, as well as gout. On August 29, 1986, the administrative law judge (ALJ) found that VanVolkenburg was not disabled because he retained residual functional capacity to perform unskilled sedentary work. The Appeals Council denied plaintiff's request for a review of the ALJ's decision. Plaintiff next sought review by the United States District Court for the Eastern District of Michigan, Churchill, J., pursuant to 42 U.S.C. Sec. 405(g) (1982). Judge Churchill in turn referred the matter to United States Magistrate Goldman for a report and recommendation.
 
 
 2
 In July 1987, prior to the magistrate's report, plaintiff filed a motion for remand to the Secretary to consider new evidence from three recent doctors' examinations. The magistrate recommended denial of the motion based on a failure to demonstrate that the new evidence was material and that "good cause" existed for failure to present the evidence earlier. See Oliver v. Secretary of Health & Human Services, 804 F.2d 964, 966 (6th Cir.1986). The magistrate concluded that the evidence showed a deterioration in plaintiff's condition, rather than relating back to his condition in 1985. Plaintiff did not file a timely objection to the magistrate's report and recommendation, and the District Court denied the motion to remand. On October 23, 1987, the magistrate recommended affirming the ALJ's decision as supported by substantial evidence. The District Court accepted this recommendation, and entered summary judgment for the Secretary on January 7, 1988.
 
 
 3
 Plaintiff presents two issues on appeal. First, he contends that the Secretary's decision is not supported by substantial evidence. Second, he argues that the District Court erred in refusing to remand the case to allow the Secretary to consider the new medical evidence. We find that substantial evidence supports the Secretary's determination of no disability, and that denial of plaintiff's motion to remand was not erroneous. Accordingly, we affirm the District Court's summary judgment, which adopted the magistrate's report and recommendation.
 
 
 4
 William VanVolkenburg was thirty-nine years old at the time of his hearing for Supplemental Security Income disability benefits on August 5, 1986. He stopped working as a self-employed logger in July 1985 following a heart attack, testifying that he was disabled by crushing chest pain. He also testified that his knee cap was fractured in a snowmobile accident in January 1986, and that in addition he suffered from gout. As a result of his impairments, he related that he could only walk two blocks, sit for ten to twenty minutes, and lift twenty pounds. He napped twice a day for an hour to relieve fatigue and pain, and took Nitroglycerin, which relieved the pain in ten to fifteen minutes.
 
 
 5
 The ALJ found that plaintiff suffered from severe coronary artery disease, post myocardial infarction, and a fractured left patella, but that he was not disabled because he did not meet the listings under 20 C.F.R. Part 404, Subpart P, Appendix 1. Although a vocational expert testified that plaintiff could not perform any jobs in the national economy if plaintiff's claimed symptoms and limitations were accepted as true, the ALJ rejected these claims. Claimant was found to retain residual functional capacity to perform sedentary work.
 
 
 6
 Essentially, this case turns on a disagreement between doctors as to whether plaintiff's heart condition is cardiac in nature. Dr. Colfer, a cardiologist, performed coronary angioplasty to reduce occlusion of the arteries. Dr. Colfer considered the results of a subsequent exercise stress test to show that the heart surgery was successful, although VanVolkenburg continued to complain of chest pain. Dr. Colfer found such complaints atypical of ischemic heart disease, and concluded it was musculoskeletal rather than cardiac in nature. In contrast, plaintiff's family physician, Dr. Panknin characterized plaintiff's pain as of cardiac origin and noted that angina alone can be disabling. The ALJ expressly accepted Dr. Colfer's opinion over that of Dr. Panknin. We agree with the magistrate's conclusion that this was proper, given that both doctors are treating physicians, but that Dr. Colfer's opinion as a heart specialist is entitled to more weight than that of Panknin. Substantial evidence in the record shows that the 1985 angioplasty was successful and that Dr. Colfer's opinion was credible. Also, substantial evidence supported the ALJ's finding that the knee and gout impairments would not prevent plaintiff from performing sedentary work.
 
 
 7
 Plaintiff next argues that even if the ALJ's decision was supported by substantial evidence, the District Court's denial of his motion to remand to the Secretary to consider new evidence from three 1987 medical examinations was erroneous. We disagree based on both procedural and substantive grounds. As to procedure, the magistrate submitted a report and recommendation to the District Court on September 8, 1987 that the motion be denied. Plaintiff failed to timely file an objection to the recommendation. Plaintiff argues that he did not object within ten days because he expected the District Court to take these exhibits into account in its opinion rather than remand. This argument is unpersuasive in view of the fact that, in its Order Denying Motion to Remand, the District Court stated that, "Plaintiff did not file a timely objection to Magistrate Goldman's report and recommendation. Therefore, [the motion is denied]." The language of the order gives no indication of the District Court's intention to separately consider the new evidence.
 
 
 8
 We also reject plaintiff's remand argument on substantive grounds. Plaintiff submitted three new medical reports in his motion to remand. In the first report, dated March 1987, Dr. Geary found a recurrence of ischemic heart disease. In the second report, dated May 1987, Dr. De Nardo states that cardiac catheterization in April 1987 revealed critical stenosis in three arteries. In the third report, dated June 1987, Dr. Jones explained that plaintiff was totally disabled for at least twelve months following open heart surgery the previous month.
 
 
 9
 We agree with the magistrate's conclusion that the new evidence did not justify remand to the Secretary. New evidence must be material and good cause must exist for failure to incorporate such evidence in the prior proceeding. See Oliver, 804 F.2d at 966 (citing 42 U.S.C. Sec. 405(g) (1982)). First, the evidence is not material to plaintiff's condition in 1985; rather, it shows a deterioration of his condition in 1987, which this Court has held is not sufficient. Id. Second, plaintiff has failed to establish good cause for failure to obtain the evidence earlier. He could not have obtained the evidence earlier if one accepts the explanation that it derived from a deterioration in his condition. The mere fact that the reports are dated after the ALJ hearing is insufficient in this Circuit. Id.
 
 
 10
 Plaintiff argues that the magistrate entirely missed the point of the reports--that they are relevant because three doctors in addition to Dr. Panknin, plaintiff's family doctor, disagree with Dr. Colfer's 1985 assessment. We do not believe that the reports support this contention. In the first report, Dr. De Nardo "believe[d] it unlikely that [plaintiff] could have performed job related activities as early as 1986." In the second report, Dr. Geary states, "I should stress, however, that I am simply going on the report of the catheterizations and I have not viewed the original films. Each catheterization physician seems to interpret the films a little bit differently on these reports." Lastly, Dr. Jones' report merely relates that plaintiff was totally disabled for twelve months as of his open heart surgery in May 1987. Dr. Colfer's 1985 assessment is not mentioned. In sum, the evidence does not relate back to 1985, and the strongest evidence to impeach Dr. Colfer's assessment was, in fact, Dr. Panknin's opinion, which the ALJ considered and legitimately rejected.
 
 
 11
 For the above reasons, the District Court's entry of summary judgment for the Secretary, adopting the magistrate's report and recommendation, is AFFIRMED.