878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Craig SHAVER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1912.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges and ANN ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Shaver appeals from a final decision of the Secretary denying him disability benefits based on a determination that he retains the residual functional capacity to perform the full range of sedentary work. Shaver claims that chronic rheumatoid arthritis renders him disabled for Social Security purposes. After a careful consideration of the briefs and record on appeal, we affirm.
 
 
 2
 * Shaver initiated his claim on June 11, 1986. His application for disability benefits was denied initially and on reconsideration. On May 26, 1987, following a hearing, an ALJ found that Shaver was not disabled. This determination became the final decision of the Secretary when the Appeals Council denied review on August 31, 1987.
 
 
 3
 Shaver then commenced a civil action in the district court seeking review of the Secretary's decision. Judge Churchill referred the matter to a magistrate, who recommended that the Secretary's decision be upheld. The district judge then reviewed the matter in its entirety, and held that the Secretary's decision was supported by substantial evidence. Thus, the district judge granted the Secretary's motion for summary judgment.
 
 
 4
 Shaver's medical history is lengthy and complex. He does, indeed, suffer from rheumatoid arthritis, and has been treated with various forms of medication and therapeutic devices for a number of years. Shaver's joints are often stiff and weak, and various physicians have documented swelling in his wrists. However, these physicians have found the range of motion of his joints to have been close to normal at the times of his numerous examinations. For example, Dr. Sankaran, who examined Shaver at the request of the state agency that was processing Shaver's disability claim, found that Shaver could open a jar, button clothing, write legibly, pick up a coin, and tie his shoe laces without difficulty. Although blood tests confirmed the existence of inflammation and the rheumatoid factor, treatments such as cortisone injections were extremely effective.
 
 
 5
 The ALJ found that Shaver had a severe musculoskeletal impairment, but that he had no impairment or combination of impairments that satisfied or equalled the criteria of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.02 (1988). Specifically, the ALJ determined that Shaver's activities were not so severely restricted as to meet the relevant listing. Ibid. The ALJ found that Shaver's testimony was not fully credible in that his complaints of pain were not supported by the objective medical evidence, and he remained capable of performing the full range of sedentary work. The ALJ considered Shaver's age, education, work experience, and residual functional capacity and found that the Medical-Vocational Guidelines directed a conclusion that Shaver was not disabled. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.24. The magistrate found that this decision was supported by substantial evidence, and the district judge concurred.
 
 II
 
 6
 On appeal, the Secretary argues that the district court's affirmance of the ALJ's decision denying Shaver benefits was supported by substantial evidence. Shaver argues that the district judge should have considered an additional report from Dr. Eugenio indicating that Shaver's condition has not improved. This report was dated November 11, 1988, more than a year after the ALJ's decision. He further argues that he does meet the listing in Sec. 1.02, and that he has shown that his condition has caused a "significant restriction of function" as required by the listing. 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.02. The Secretary further notes, correctly, that the only issue raised by Shaver in his objections to the magistrate's report and his notice of appeal is whether he meets the relevant listing.
 
 
 7
 * The court must determine whether there is substantial evidence to support the Secretary's denial of disability benefits. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1981). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). A reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide the question of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984) (citation omitted). "Even if the court might arrive at a different conclusion, the decision must be affirmed if supported by substantial evidence." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir.1987) (citation omitted).
 
 
 8
 The listing for arthritic conditions is found in 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.02. That listing states:
 
 
 9
 Active rheumatoid arthritis and other inflammatory arthritis.:
 
 
 10
 With both A and B.
 
 
 11
 A. History of persistent joint pain, swelling, and tenderness involving multiple major joints (see 1.00D) and with signs of joint inflammation (swelling and tenderness) on current physical examination despite prescribed therapy for at least 3 months, resulting in significant restriction of function of the affected joints, and clinical activity expected to last at least 12 months; and
 
 
 12
 B. Corroboration of diagnosis at some point in time by either:
 
 
 13
 1. Positive serologic test for rheumatoid factor; or
 
 2. Antinuclear antibodies; or
 3. Elevated sedimentation rate; or
 
 14
 4. Characteristic histologic changes in biopsy of synovial membrane or subcutaneous nodule (obtained independent of Social Security evaluation.)
 
 
 15
 As the Secretary points out in his brief, Shaver challenges only the findings of the magistrate and district judge regarding whether he meets the listing; thus, consideration of all other issues has been waived. Wright v. Holbrook, 794 F.2d 1152, 1155 (6th Cir.1986).
 
 
 16
 A claimant must show that he satisfies all the individual requirements of a listing to show that the claimant meets the listing as a whole. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). The record shows, and the district court found, that Shaver meets a number of the criteria of the applicable listing, including persistent joint pain and swelling involving multiple joints, positive serological test for the rheumatoid factor, and elevated sedementation rate. The dispute in this case centers around whether Shaver has suffered a significant restriction in function as a result of his condition. 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.02. The existence of swelling and pain do not, in themselves, establish a "significant restriction in function" in that the listing should be interpreted such that no part of the language is deprived of meaning. Director, OWCP v. Goudy, 777 F.2d 1122, 1127 (6th Cir.1985). Similarly, the use of a wrist brace, various medications and metatarsal bars in his shoes shows inflammation "despite prescribed therapy," but does not establish the separate requirement of restriction of function. In addition, the medical reports in this case show that Shaver's range of motion was only minimally restricted. Thus, although this court may have come to a different result were it viewing the evidence de novo, there is substantial evidence in the record to support the ALJ, magistrate and district court's finding that Shaver does not meet the listing.
 
 B
 
 17
 The only other issue Shaver raises in his brief on appeal is the admissibility of a more recent medical report which the district judge refused to consider. This report is a two-paragraph letter from Dr. Eugenio addressed "To Whom It May Concern," and dated November 11, 1988. The letter states only that Shaver is under Dr. Eugenio's care, and that he has persistent pain in both wrists and difficulty walking. The second and final paragraph, consisting of one sentence, states: "It is my opinion that this patient is not able to sustain any type of gainful employment due to this condition."
 
 
 18
 A reviewing court may not consider additional evidence not found in the administrative record unless there is a showing that the new evidence is material and that there is good cause for the failure to incorporate the evidence into the record of the prior proceeding. Oliver v. Secretary of HHS, 804 F.2d 964, 966 (6th Cir.1986). This letter presents no new medical finding, but merely repeats the reports of swelling and inflammation that the Secretary does not dispute. There is no information in the letter that does not already appear in the administrative record. Dr. Eugenio's final sentence, in which he makes the conclusory statement that Shaver is disabled, is not binding on the ALJ. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). Thus, the letter is not material, and is, in any case, merely cumulative of evidence already in the record. Further, Shaver does not even attempt to explain why he did not request that Dr. Eugenio write such a letter earlier, so that it could have been included in the administrative record. Therefore, it was not error for the district judge to refuse to consider this evidence, nor is there any indication that the evidence might have altered the result in this case had it been introduced at an earlier stage in these proceedings.
 
 III
 
 19
 Thus, although we sympathize with Shaver's condition, and note that he may reapply for benefits should new evidence indicate that his condition has worsened, we find that substantial evidence supports the Secretary's denial of benefits. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation