**Esther R. KASSIN, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellee.**

No. 90–1120.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 4, 1990.

Decided Dec. 19, 1990.

William Michael White (briefed), William Michael White, P.C., Mt. Clemens, Mich., for plaintiff-appellant.

Michael C. Messer (briefed), Donna Morros Weinstein, Chief Counsel, Thomas P. Turner, Dept. of Health and Human Services, Office of the General Counsel, Region V, Chicago, Ill., Francis L. Zebot, Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.

Before MERRITT, Chief Judge and JONES and WELLFORD, Circuit Judges.

PER CURIAM.

The sole issue in the case is whether the Secretary properly reopened a prior decision to assess an overpayment of social security benefits. Richard J. Kassin claimed disability under the Social Security Act as the result of a heart attack in June 1976. Kassin was promptly paid disability benefits but soon thereafter returned to work. It is conceded that his "wages were substantial and were timely reported to the IRS." Kassin earned over $16,000 in 1978, 1979, and 1980, and over $20,000 in 1981, but continued to receive social security benefits through 1982. Defendant Secretary did not take action on this situation involving apparent overpayments until June 1982, when the Secretary "properly terminated Mr. Kassin's benefits until a final decision was made." Upon investigation, the Secretary initially determined that Kassin was not entitled to disability benefits after December 1978.

In August of 1983, Kassin was contacted and left a notice that he had been overpaid some $25,000 in social security benefits, but Kassin claimed someone at the Social Security Office told him that he had not been overpaid. He refused to make any refund. Defendant contacted employers of Kassin to verify employment during the relevant period. The Secretary assessed an overpayment against Kassin in 1985, and Kassin requested a waiver. Mrs. Esther L. Kassin, the widow of the wage earner, now maintains that Kassin did not get "an official letter" making demand for overpayment until March of 1987. The Kassin waiver request was denied in 1987, and a hearing on liability took place in July 1988, after Richard Kassin died. Mrs. Kassin raises a statute of limitations defense to the assessment postmortem.

The administrative law judge (ALJ) determined that Kassin was overpaid in excess of $30,000, that Kassin was at fault, and that the overpayment would not be waived. The Secretary also found that the four year time limitation period with respect to the alleged reopening and revision of prior determinations was not applicable because the wage earner's actions were tantamount to "fraud or similar fault."

The Appeals Council, on subsequent consideration, determined that the prior decision could be reopened based on presentment of new and material evidence. This decision was appealed to the district court. The magistrate, to whom the dispute was referred, recommended that Kassin be found liable only for approximately $25,-000, the overpayment amount that the Secretary originally calculated in August 1983. The district court disagreed with the magistrate, upholding the Secretary's revised determination of the date on which Kassin's disability ended and the overpayment debt of over $30,000. It reasoned that "the applicable statute only requires that a determination be reopened within four years of the date of the initial determination. 20 C.F.R. § 404.988. The statute does not require a revised decision to be made within that same four year period."

*Mullen v. Bowen*, 800 F.2d 535 (6th Cir. 1986), and *Oliver v. Secretary of Health and Human Services*, 804 F.2d 964 (6th Cir.1986), instruct us to focus on the Appeals Council's findings, not those of the ALJ. 20 C.F.R. § 404.988 provides:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or

(c) At any time if—

(1) It was obtained by fraud or similar fault[.]

Good cause exists when "[n]ew and material evidence is furnished," a "clerical error in the computation or recomputation of benefits," is made or "[t]he evidence ... considered in making the determination ... clearly shows ... an error was made," but is not based on a "change of legal interpretation." *See* 20 C.F.R. § 494.989.

Plaintiff asserts that the proper date from which to count the four year period was 1976 rather than 1982, and challenges the Appeals Council decision that there existed new or material evidence sufficient to reopen the assessment of overpayment process.

The district court found, among other things:

In July 1982, plaintiff's benefits were terminated after the Secretary found that plaintiff had performed substantial gainful work as a truck driver while receiving his disability benefits. The Secretary notified plaintiff that he was required to repay the amount he was overpaid. Plaintiff claimed that he was not overpaid. He claimed that he had notified the Secretary of his return to work and believed that he was entitled to the benefits because he had to hire an assistant to help with the work and pay the assistant out of his own pocket. On May 31, 1985, plaintiff requested a waiver for recovery of the overpayment. Plaintiff did not believe he was at fault for the overpayment.

. . . .

On March 27, 1987, plaintiff was notified by the Secretary that his disability benefits should have been terminated in December of 1977. Because plaintiff continued to receive benefits until June of 1982, the Secretary requested the return of $30,583.80, which was overpaid to plaintiff.

The district court made this definitive finding: "Nothing in his file indicated that [Kassin] had discussed his work with Social Security." The district court then held that the plaintiff's case could not properly have been reopened under 20 C.F.R. § 404.-988(a) or (c), but that the Secretary could reopen a case within four years of the

initial determination if good cause existed based on subsection (b).

The district court concluded:

Good cause did exist in this case. New and material evidence was furnished by the plaintiff's employer that indicated plaintiff had returned to work in September of 1976 and not in 1977 as was originally believed. This information created sufficient good cause to reopen the September 2, 1982 determination. The Secretary reopened that determination on September 16, 1985. Three years had elapsed since the initial determination, but the reopening was within the four (4) year time period. . . .

The court's conclusion that there was a formal determination of liability for overpayment made in 1985, as well as on March 27, 1987, was also in disagreement with the magistrate's recommendations. The magistrate recommended only the latter as the determinative date.

The district court based its decision on the rationale that "the applicable statute only requires that a determination be reopened within four years of the date of the initial determination [and] the statute does not require revised decisions to be made within that same four year time period."

The actions of Kassin in this case evidence a lack of good faith. He incorrectly asserted that he initially had returned to work in 1978, whereas he actually returned to work in 1976 and this resulted in an inadequate overpayment determination. (When Kassin requested a waiver in 1985 he admitted that he had returned to work about Christmas of 1976.) In fact, the employer's records clearly indicate that Kassin had returned to work in September 1976, and that he was pursuing his normal work. Kassin, in fact, demonstrated no continuous twelve month period of disability.

The Social Security Administration issued a September 1985 notice to Kassin. The agency records reflect that he then agreed with the information in the file. After being notified in 1987 of the demand for overpayment, Kassin then sought an administrative appeal prior to his death.

The Council found in substance that Kassin was not without fault but did not agree with the ALJ that he was guilty of actual fraud. Kassin was off the job only three months. He was 53 years of age in 1976. The award of benefits was made in October 1976, because Kassin did not advise the Secretary that he had returned to work and was earning substantial pay. He was clearly at fault, and there is clear evidence of actual misrepresentation on his part. The report from the employer indicated that it knew nothing about Kassin's claim that he needed assistance on his job.

In 1984, Kassin sold his house which was worth about $75,000. In 1986, Social Security agents discovered that Kassin had purchased a deluxe mobile home which the Secretary asserts has a value of not less than $35,000.

Upon a careful review of the record in this case, we find no error in the district court's findings of facts and conclusions of law concerning an overpayment of $30,-583.80, and that the claim on behalf of deceased wage earner Kassin that the overpayment should be waived or be deemed barred was properly rejected.

Unfortunately, due to the combination of a lack of diligence on the Secretary's part and lack of candor on Kassin's part overpayment may now be difficult to collect from Kassin's estate or assets. We do not understand the Secretary to contend that he may effect collection by withholding benefits which may accrue in the future to Mrs. Esther R. Kassin, the widow, by virtue of her own earned social security benefits, if any.

We AFFIRM the judgment of the district court.