959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lucia A. STRBIAK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1897.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judge; and LIVELY and BAILEY BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Lucia A. Strbiak appeals the judgment of the district court affirming the Secretary's decision denying her claim for disability benefits. Strbiak contends that the Secretary's decision is not supported by substantial evidence. Alternatively, Strbiak argues that we should remand the case to the Secretary in light of additional medical evidence. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On February 22, 1983, Strbiak's right knee was fractured when she was struck by a car. In September 1985, Strbiak filed her first application for social security disability benefits alleging that she had been disabled since February 22, 1983, as a result of a fractured right knee and foot. In October 1985, an administrative law judge found that plaintiff was entitled to a closed period of disability benefits running from February 22, 1983, until October 1984. Strbiak did not appeal this decision.
 
 
 3
 On November 22, 1988, Strbiak filed her present application for disability benefits alleging that she had been disabled from February 22, 1983, until November 1988. An administrative law judge found that prior to March 31, 1988, which is the date when her insured status expired, Strbiak was not disabled because she could perform her past relevant work as a telephone surveyor and could also perform a significant number of other jobs. The administrative law judge's decision became the final decision of the Secretary when the Appeals Council denied Strbiak's request for review. Subsequently, Strbiak filed a complaint in federal district court seeking review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). The district court affirmed the Secretary's decision. This timely appeal followed.
 
 
 4
 Our review of the Secretary's decision is limited to determining whether the Secretary applied the appropriate legal standard and whether his findings are supported by substantial evidence in the record as a whole. Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987). See 42 U.S.C. § 405(g) (stating that the Secretary's finding as to any fact is conclusive if supported by substantial evidence). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). With respect to the substantial evidence standard, this court has stated:
 
 
 5
 The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmaker can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.
 
 
 6
 Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984) (citations omitted)).
 
 
 7
 The claimant has the ultimate burden to establish an entitlement of benefits by proving the existence of a disability as defined in 42 U.S.C. § 423. Young v. Secretary of Health & Human Services, 925 F.2d 146, 147 (6th Cir.1990). If the claimant is not working in substantial gainful activity and has a severe impairment, the Secretary must determine whether she suffers from one of the impairments listed in the Code of Federal Regulations. Id. at 148 (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). If so, the claimant is entitled to social security benefits. If the claimant does not suffer from a "listed" impairment, the Secretary must then decide whether the claimant can return to the job she previously held. Id. (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). If the claimant can return to the job she previously held, then she is not entitled to disability benefits.
 
 
 8
 In this case, the Secretary found that during the claimed disability period Strbiak (1) had not engaged in substantial gainful activity; (2) possessed a severe physical impairment; (3) did not suffer from a listed impairment; and (4) had the ability to perform her past work as a telephone surveyor or, alternatively, had the ability to perform in thousands of other sedentary clerical jobs. Strbiak claims that the Secretary's finding that she did not suffer from a listed impairment is not supported by substantial evidence. She also claims that the Secretary's finding that she was able to perform her past work or other types of work is not supported by substantial evidence.
 
 
 9
 The relevant listing for this case is 20 C.F.R., Part 404, Subpt. P, App. 1, § 1.03A, which states:
 
 
 10
 1.03 Arthritis of a major weight-bearing joint (due to any cause):
 
 
 11
 With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With:
 
 
 12
 A. Gross anatomical deformity of hip or knee (e.g. [.], subluxation, contracture, bony or fibrous ankylosis, instability) supported by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand; or
 
 
 13
 B. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.
 
 
 14
 Upon review of the record, we find the Secretary's decision that Strbiak's knee condition did not meet the requirements of the listing is supported by substantial evidence. Strbiak's impairment does not meet the "gross anatomical deformity" prong of the listing. In October 1984, an examination of the knee by Dr. Arnold Eckhouse revealed that her knee was tender to palpation, but had full range of motion bilaterally and had no effusion or evidence of atrophy. Dr. Eckhouse also noted that the X-rays of Strbiak's knee revealed only mild degenerative changes. Strbiak's impairment also does not meet the "reconstructive" prong of the listing. The evidence demonstrates that she had gained full weight-bearing status within 12 months after her reconstructive surgery in February 1988.
 
 
 15
 Additionally, substantial evidence supports the Secretary's determination that Strbiak was capable of engaging in substantial gainful activity. None of Strbiak's physicians expressed the opinion that she was totally unable to work. In fact, the evidence demonstrated that in 1987 and 1989 doctors stated that Strbiak could lift up to twenty pounds and had the capacity to stand, walk, and sit for six hours out of an eight-hour workday. Moreover, a vocational expert testified that Strbiak had obtained skills that were transferrable to nearly 100,000 sedentary-level jobs. Thus, a substantial number of jobs existed that Strbiak could perform even with her knee condition.
 
 
 16
 Finally, Strbiak requests us to remand this case back to the Secretary because of additional evidence in the form of her doctor's notes. We, however, are authorized to remand this case to the Secretary for consideration of additional evidence only if Strbiak demonstrates (1) the evidence is new, (2) the evidence is material, and (3) there is good cause for her failure to present the evidence in the administrative proceeding. See Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir.1986) (quoting 42 U.S.C. § 405(g)). Strbiak has failed to make such a showing and, therefore, we deny her request to remand the case to the Secretary.
 
 
 17
 For the foregoing reasons, we affirm the judgment of the district court.