37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paul E. BAKER, Sr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-4118.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 Before: KEITH, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Paul E. Baker appeals a district court order affirming the Secretary's denial of social security disability and supplemental security income (SSI) benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Baker filed applications with the Secretary, seeking social security disability and SSI benefits. Baker alleged that he suffered from a back injury and impairment of his nerves. Following a hearing, the administrative law judge (ALJ) determined that Baker was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. The Appeals Council vacated this decision and remanded the case to the ALJ for further consideration. Upon reconsideration, the ALJ again determined that Baker was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. Upon review, the Appeals Council affirmed the ALJ's determination. Baker then filed a complaint seeking judicial review of the Secretary's decision. Over Baker's objections, the district court adopted the magistrate judge's report and recommendation, determined that the Secretary's decision was supported by substantial evidence, and granted summary judgment for the defendant. Baker has filed a timely appeal.
 
 
 3
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The medical evidence in the record supports the ALJ's conclusion that Baker can perform a limited range of light work. Further, the Secretary properly disregarded the disability finding of Dr. Pavlatos, because his opinion was not properly supported by detailed clinical and diagnostic test evidence. Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1370 (6th Cir.1991). The vocational expert's testimony that other jobs exist in the regional and national economy which Baker can perform likewise constitutes substantial evidence in support of the Secretary's decision. See Bradford v. Secretary of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam). Additionally, the objective medical evidence in the record does not support Baker's assertion that he suffers from disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 4
 Lastly, we decline to remand this case to the Secretary based on the additional evidence that Baker presented in the district court and on appeal, because Baker has failed to show that the evidence is material and that there is good cause for his failure to incorporate such evidence into the administrative record. Oliver v. Secretary of Health and Human Servs., 804 F.2d 964, 966 (6th Cir.1986).
 
 
 5
 Accordingly, we affirm the judgment for the reasons set forth in the magistrate judge's report and recommendation filed on August 12, 1993, as adopted by the district court in its order filed on September 17, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.