**Shandra BRADLEY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–3141.

United States Court of Appeals, Sixth Circuit.

July 19, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

Shandra Bradley appeals pro se from a district court judgment that affirmed the denial of her application for social security disability benefits. Her appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Bradley could not perform her past work because she had a history of cervical, lumbar and thoracic strain, spondylosis, post traumatic stress disorder, depression, a general anxiety disorder, and an adjustment disorder, even though her condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. However, the ALJ also found that Bradley's allegations of disabling pain were not fully credible and that she was still able to perform a limited range of sedentary work. Thus, the ALJ relied on the testimony of a vocational expert to find that Bradley was not disabled because a significant number of jobs were still available to her. This opinion became the final decision of the Commissioner on September 29, 2000, when the Appeals Council declined further review.

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Bradley's attorney filed a brief with the district court in which she argued only that the case should be remanded for administrative consideration of new evidence, pursuant to sentence six of 42 U.S.C. § 405(g). The court rejected this argument and affirmed the Commissioner's decision on November 30, 2001. It is from this judgment that Bradley now appeals.

Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence. Finally, where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding.

*Brainard v. Secretary of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

Bradley now argues that the ALJ's finding that she was not disabled was based on a loose or incomplete analysis of the evidence. She did not raise this argument in the district court, and we need not reach it for the first time on appeal. *See Barker v. Shalala*, 40 F.3d 789, 793–94 (6th Cir. 1994). Nevertheless, we note that the ALJ's decision was supported by substantial evidence.

Since Bradley could not perform her past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to her. Thus, the ALJ posed the following hypothetical question to a vocational expert:

Considering Claimant's age, education and work experience, assume I were to find that she retains residual functional capacity for sedentary work with a sit/stand option, simple low stress routine tasks and limited dealing with others, are there any jobs that exist in the national economy that one so limited could perform and, if so, what are those jobs and how many are there?

The assumptions in this question were adequately supported by the record, including the testimony given by a medical expert at Bradley's administrative hearing. *See Cline v. Commissioner of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir.1996). In response, the vocational expert identified 1,150 unskilled, sedentary jobs in northeast Ohio and 170,000 such jobs in the national economy that would be available to the hypothetical claimant. This response satisfied the Commissioner's burden of showing that a significant number of jobs were available to Bradley, despite her impairments. *See Harmon v. Apfel*, 168 F.3d 289, 291–92 (6th Cir.1999). Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that she was not disabled.

Bradley's attorney had argued that a remand was necessary to allow administrative consideration of new medical records from her treatment at the Brecksville VA Center for Stress Disorders. Counsel also submitted Bradley's written statement re-

**974**

garding a sexual assault and an abusive relationship which she had experienced between 1983 and 1985, as well as her statement describing a sexual harassment claim which had arisen between 1988 and 1989. Bradley's current brief does not contain any specific challenge to the district court's decision not to order an administrative remand. Thus, she has abandoned this issue for purposes of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001). We conclude, nonetheless, that a remand was not warranted under sentence six of 42 U.S.C. § 405(g).

To obtain such a remand, Bradley was required show that the proposed evidence was new, that it was material, and that she had good cause for failing to incorporate it in the administrative proceeding. *See Oliver v. Secretary of Health and Human Servs.,* 804 F.2d 964, 966 (6th Cir.1986). The district court properly found that the proposed evidence was not material because it did not provide any significant additional information about Bradley's condition. *See id.* Moreover, Bradley did not show good cause for failing to submit her written statements to the ALJ, as they involved incidents that occurred long before her administrative hearing. *See id.*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.