Mary L. MCCRANEY, Plaintiff–
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 02–4235.

United States Court of Appeals,
Sixth Circuit.

June 17, 2003.

Before KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

---

\* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

## ORDER

Mary L. McCraney appeals pro se from a district court judgment that affirmed the Commissioner's denial of her application for supplemental security income ("SSI"). Her appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McCraney had filed a prior SSI application that was denied in 1996. In examining McCraney's current application, an Administrative Law Judge ("ALJ") found that there was no basis for reopening her prior case. Thus, review of McCraney's present claim is limited to evidence that she became disabled after the final decision was reached in her prior case.

The ALJ found that McCraney could not perform her past work because she had severe impairments, including a history of hand and wrist injuries, carpal tunnel syndrome, degenerative joint disease and chronic pain syndrome. However, the ALJ also found that McCraney's condition was not equivalent to any of the impairments listed in Appendix 1 of the regulations and that she was not disabled because she could still perform a significant range of light work. This opinion became the final decision of the Commissioner on April 17, 2001, when the Appeals Council declined further review. The district court affirmed the Commissioner's decision on September 25, 2002, and it is from this judgment that McCraney now appeals.

Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the

Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence. Finally, where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding.

*Brainard v. Secretary of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

■ McCraney argues that the ALJ should have reopened the prior SSI claim that she had filed in 1994. However, she did not raise this argument in the district court, and we need not reach it for the first time on appeal. *See Barker v. Shalala*, 40 F.3d 789, 793–94 (6th Cir.1994).

■ McCraney also argues that her case should have been remanded for consideration of new evidence. However, she has not met her burden of showing that a remand was warranted under sentence six of 42 U.S.C. § 405(g). In this regard, we note that the district court properly found that the proposed evidence was not material because it involves mental evaluations that were obtained long after the ALJ denied McCraney's current application. *See Oliver v. Secretary of Health and Hu-*

*man Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). Moreover, McCraney has not established good cause for failing to present the new evidence to the ALJ. *See id.*

■ McCraney asserts that the ALJ gave insufficient weight to her allegations of totally disabling symptomatology. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.1997) (citation omitted). In the present case, McCraney's complaints of disabling physical symptomatology were contradicted by an examining physician, Dr. Popovich, who reported as follows in November of 1996:

It is my opinion that this claimant solely as result of the allowed conditions has not sustained a permanent and total impairment of earning capacity such that she is unfit for any sustained remunerative employment.... Ms. McCraney is capable of going both to and from work utilizing public transportation, her current physical examination does not reveal any evidence of any condition that precludes her from being at work, and she is capable of work activities that do not require repetitive or forceful use of her upper extremities.

Dr. Popovich's conclusion is consistent with that of an examining orthopedist, Dr. Rist, who concluded that McCraney was "capable of performing sustained remunerative work activity," even though she was "not able to perform constant repetitive motions involving the hands and wrists." McCraney's allegations of disabling stress and depression were contradicted by a the opinion of an examining psychologist, Dr. Kahler, who reported as follows:

In my opinion, Ms. McCraney is NOT temporarily and totally disabled to re-

turn to her original job. While she does appear to be experiencing a moderate level of depression, there is no indication that this condition would interfere with her ability to perform her original job or any other position.

In addition, McCraney was examined by a psychiatrist, Dr. Molitor, who concluded that she "does not have a Dysthymic Disorder." Hence, there was substantial evidence in the record to support the ALJ's credibility finding. *See Moon v. Sullivan,* 923 F.2d 1175, 1182–83 (6th Cir.1990).

Since McCraney could not perform her past work, the ALJ submitted interrogatories to a vocational expert to determine whether other jobs were still available to her. The assumptions in these interrogatories were adequately supported by the medical record, including the reports of Drs. Popovich, Rist, Kahler and Molitor. In response, the vocational expert identified 6,300 unskilled, light jobs in the greater Toledo area that would be available to McCraney. This response satisfied the Commissioner's burden of showing that a significant number of jobs were available to McCraney, despite her impairments. *See Harmon v. Apfel,* 168 F.3d 289, 291–92 (6th Cir.1999). Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that she was not disabled.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

