**Keith A. BRACE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–1659.

United States Court of Appeals, Sixth Circuit.

May 4, 2004.

Timothy A. O'Rourke, Hay & O'Rourke, Lansing, MI, for Plaintiff–Appellant.

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District

Elizabeth Firer, Social Security Administration, Office of the General Counsel, Chicago, IL, Charles R. Gross, U.S. Attorney's Office, Grand Rapids, MI, for Defendant–Appellee.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and RICE, District Judge.*

## ORDER

Keith A. Brace, who is represented by counsel, appeals a district court opinion affirming the Commissioner's termination of his social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 1998, Brace requested a hearing before an administrative law judge (ALJ). In the acknowledgment of the hearing request, Brace was informed that he should provide additional medical evidence to the ALJ as soon as possible. In a letter dated August 24, 1999, Brace was again reminded that he should promptly submit any additional medical records to the ALJ. The ALJ scheduled a hearing for October 26, 1999, and noted that additional medical evidence should be submitted before the hearing. On October 20, 1999, less than a week before the scheduled hearing, Brace requested that the hearing be adjourned until after November 15, 1999, because he was scheduled to meet with a doctor at the University of Michigan Vestibular Center. The ALJ denied this request but permitted Brace to submit additional medical evidence for thirty days after the hearing.

of Ohio, sitting by designation.

After the record was closed, the ALJ issued a decision on January 24, 2000. The ALJ found that Brace was not disabled and that Brace had the residual functional capacity to work. Brace appealed the ALJ's decision to the Appeals Council. The Appeals Council denied Brace's request for review.

Brace then filed a civil action seeking judicial review of the Commissioner's decision. A magistrate judge recommended that the case be remanded to the Commissioner. Upon de novo review of the magistrate judge's report, the district court rejected the magistrate judge's recommendation and affirmed the denial of benefits, granting judgment to the Commissioner.

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.* Upon terminating the benefits, the Commissioner found that Brace could perform a substantial number of jobs in the economy. *See* 20 C.F.R. § 404.1520; *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391 (6th Cir.1999). The Commissioner's decision to terminate Brace's benefits and the Commissioner's decision that Brace could perform a substantial number of jobs in the economy are supported by substantial evidence.

Brace contends that there is no substantial evidence that he had undergone any material improvement in his condition. In order to determine whether Brace's disability ceased, the ALJ was required to compare Brace's condition at the time of his favorable decision with his condition at the time of the termination of benefits, which was August 31, 1997. 20 C.F.R. § 404.1594(b)(7). Brace was awarded benefits based on severe uncompensated vestibular neuritis. At the time the benefits were awarded, Brace experienced daily episodes of vertigo provoked by movement, continuous lightheadedness between vertigo spells, nausea, and imbalance. Brace could not walk for long distances or stand for extended periods of time. In addition, Brace was unable to drive or be around fast moving objects. Brace had a moderate to severe dysfunction in his ability to maintain his stance under conditions of varying sensory input. He fell on six out of six posturographic trials and demonstrated an inability to adapt to sudden changes in foot support surface clues. Brace was identified as having a right internal auditory canal abnormality as well as left peripheral pathology.

After January 19, 1993, the date Brace was found to be disabled by the Commissioner, Brace admitted that he could walk approximately one mile without becoming dizzy. He stated that he could drive within at least a twenty-five mile radius, care for his personal needs, cook, clean, and shop for himself. He attended hockey games. Brace reported to Dr. Isaacs that he no longer experienced nausea, vomiting, or nystagmus. EMG testing performed by Dr. Richardson produced normal results.

Dr. Isaacs expressly noted that Brace functioned "quite well" on a daily basis. Dr. Richardson specifically noted that Brace was "free of difficulties." Dr. Isaacs noted that Brace did a "good deal" of housework, cooking, and shopping. Moreover, Brace reported to Dr. Richardson that he felt good, was no longer lightheaded on a continuous basis, and was no longer regularly nauseated.

■ Dr. Abdullah, Brace's primary physician during 1996 and 1997, reported that Brace's gait was normal and that he had not complained of symptoms of vertigo. Two agency physicians determined that Brace was capable of medium exertional work as long as he avoided workplace hazards, climbing ladders, ropes, and scaffolds. Dr. Telian reported that, except for holding his head very still, Brace's neurological findings were normal. Based on this evidence, the ALJ concluded that Brace had experienced medical improvement, requiring the termination of his benefits. As this medical evidence does establish that Brace's condition had improved since the award of benefits, the decision of the Commissioner regarding Brace's medical improvements is supported by substantial evidence.

Brace also argues that the district court erred in failing to find just cause for the submission of evidence which the magistrate judge found to be new and material. As previously noted, Brace's attorney requested an adjournment of the hearing for a three-week period so Brace could be evaluated by the University of Michigan Medical Center regarding his medical problems. The hearing before the ALJ was not adjourned and was held on October 26, 1999. Shortly thereafter, in a letter dated November 15, 1999, Dr. Telian indicated that further tests were necessary before a final evaluation could be made regarding Brace's condition. In February 2000, Dr. Telian indicated that Brace needed to undergo disability and physical capacity assessments at the university. Dr. Telian noted "[t]his will terminate his suitability for employment for a variety of work environments, if any." The magistrate judge concluded that the information from the university constituted new and material evidence which mandated a remand pursuant to sentence six of 42 U.S.C. § 405(g).

■ As the district court correctly noted, Brace must establish good cause for failing to submit this evidence prior to the ALJ's decision. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir.1986). According to Brace, he could not schedule an appointment with Dr. Telian before the hearing and consequently he was unable to complete the required testing before the record was closed. However, as early as January 1999, Brace was notified by the Social Security Administration that he should promptly submit any additional evidence in support of his claim. In essence, it took Brace nearly a year to schedule an appointment to complete the testing. Brace's decision to arrange the tests just prior to his ALJ hearing does not establish good cause to warrant a remand. Therefore, the district court did not err in denying Brace a remand.

■ Finally, Brace contends that the ALJ erred in denying his request to postpone his hearing. As previously noted, Brace's counsel did not request a continuance of the hearing until less than one week prior to the scheduled hearing. The ALJ allowed Brace thirty days after the hearing to submit additional medical evidence to support his claim. As counsel chose to request a continuance at such a late date, and because the ALJ allowed Brace to have additional time to submit medical evidence, the ALJ did not commit reversible error in denying Brace a continuance of his administrative hearing.

Accordingly, we affirm the district court's opinion.