Gary L. CARTER, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.

No. 86–3141.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1987.

Decided Feb. 20, 1987.

Joseph Kane, Asst. U.S. Atty., Columbus, Ohio, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, Ted K. Yasuda (Lead argued), Asst. Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for defendant-appellee.

James Roy Williams (argued), Martin M. Young, Assoc. Co., LPA, Cincinnati, Ohio, for plaintiff-appellant.

Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this Social Security case, the claimant appeals the administrative law judge's finding that he could return to his past work as a restaurant manager. Because we find that the ALJ's decision was not supported by substantial evidence, we reverse and remand for a determination whether the claimant is capable of performing substantial gainful activity.

The claimant is a forty-three year old male. He is 5′ 8″ and weighs approximately 320 pounds. He has an associates degree in psychology from American University. He worked as a restaurant manager for the Arby chain until an injury to his back on August 8, 1978. This injury occurred when a foot locker fell on his shoulder at the restaurant. He receives workmens compensation for the injury.

The ALJ found that the claimant was able to return to his past relevant work as a fast food restaurant manager. In making this determination, the ALJ seemingly applied the *Dictionary of Occupational Titles* definition of this job as light work. § 185.137–010. In the context of this case, the application of this definition was incorrect. The proper determination was whether this claimant could perform his previous work which his uncontroverted testimony showed was medium work. Substantial evidence does not support a finding that the claimant could do medium work; therefore, the ALJ was in error.

In *De Loatche v. Heckler,* 715 F.2d 148 (4th Cir.1983), the Fourth Circuit laid out the analytical framework we are applying in this case. There the court held that the claimant must show that he was unable to return to his previous work and not simply his previous specific prior job. *Id.* at 151. *See also Jock v. Harris,* 651 F.2d 133, 135 (2d Cir.1981). The court went on to explain that the Secretary may rely on the general job categories of the *Dictionary* as presumptively applicable to claimant's prior work. However, the court recognized that labels such as those used in the *Dictionary* may be used differently in varying contexts. Therefore, a claimant may overcome the presumption that the Secretary's

generalization applies to his previous work by demonstrating that his duties were not those envisioned by the framers of the Secretary's category. *De Loatche*, 715 F.2d at 151.

Carter has met his burden in this case. Food service manager as defined by the *Dictionary* is primarily an administrative activity. The uncontroverted evidence in this case showed the claimant's past work was hands on management which required that he lift meats weighing fifty pounds on a regular basis. This is medium work, not light work. *See* 20 C.F.R. § 404.1565. Substantial evidence does not support a finding that claimant could do medium work.

Accordingly, we reverse and remand for a determination by the ALJ on the issue of whether the claimant could perform other substantial gainful activity.