Lena F. KING, Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant–Appellee.**

No. 89–5433.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 9, 1989.

Decided Feb. 21, 1990.

Rehearing and Rehearing En Banc
Denied April 3, 1990.

Janice A. Harrison (argued), Mountain City, Tenn., for plaintiff-appellant.

Nancy R. Bartlett, Asst. Reg. Counsel (argued), Bruce Granger, Mack Davis, Mary Ann Sloan, Holly A. Grimes, Dept. of

Health and Human Services, Office of General Counsel, Atlanta, Ga., John W. Gill, Jr., U.S. Atty., Paige Auer Winck, Asst. U.S. Atty., Office of the U.S. Atty., Knoxville, Tenn., for defendant-appellee.

Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and DeMASCIO, Senior District Judge.*

PER CURIAM.

Plaintiff appeals the district court's decision affirming the administrative law judge's denial of disability benefits. Because we find that substantial evidence supports the district court's conclusion that plaintiff could perform light work before her disability benefits eligibility expired March 31, 1985, we affirm.

The claimant was 52 years of age at the time her insured status expired in March 1985. Claimant had primarily worked as a cashier/sales clerk from approximately 1950 until she quit working in January 1982, allegedly because of arthritis, chest pains, shortness of breath, chronic abdominal pain, headaches, and dizziness. Claimant alleged she suffers from back and shoulder pain and claimed disability because of severe musculoskeletal impairment, severe cardiovascular impairment, gastrointestinal disorder, pain, and depression.

The administrative law judge found that claimant was not disabled because she retained the residual functional capacity to perform light work. The administrative law judge found that although one of claimant's prior positions as a cashier and sales clerk required exertion in excess of the light category (lifting up to 50 pounds), claimant could return to work as a cashier and sales clerk as it is generally performed in the national economy, which normally requires no greater than light exertion.

On review, however, the district court rejected the administrative law judge's analysis that claimant could return to her prior cashier and sales clerk work, which is

generally considered light work, because she retained the residual functional capacity to perform light work. Instead, the district court relied on this court's decision in *Carter v. Secretary of Health and Human Services*, 834 F.2d 97 (6th Cir.1987) to conclude that because of the lifting requirements at *one* of her previous jobs, claimant could no longer perform medium-level work. Nonetheless, the district court reached the same result as the ALJ by concluding that substantial evidence established that claimant retained the residual functional capacity to perform other light work and, therefore, she was not disabled before March 31, 1985.

 A claimant is under a disability only if the listed impairments are so severe that the claimant is not only unable to do his or her previous work but cannot engage in any other kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A). The Secretary's decision must be upheld if it is based on this standard and is supported by substantial evidence. *See Shaw v. Schweiker*, 730 F.2d 462, 463–464 (6th Cir.1984), *cited in Studaway v. Secretary of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987) (citations omitted).

 A review of the record reveals that substantial evidence supports the conclusion that claimant could perform light work and was not disabled before March 31, 1985. Medical evidence submitted for the period February 1983–December 1984 reveals claimant was hospitalized and treated for a heart condition, but also reveals her alleged musculoskeletal difficulties did not require medical attention during that period. Claimant was diagnosed as suffering from degenerative disc disease 6 months *after* her insurance eligibility expired, when she was hospitalized in September 1985. Despite claimant's contention that this subsequent finding should relate back to a period prior to March 1985, the district court correctly concluded that there was substantial evidence to support the ALJ's

* The Honorable Robert E. DeMascio, United States District Court for the Eastern District of Michigan, sitting by designation.

finding that claimant was not disabled by her musculoskeletal condition before March 1985. Further, there is sufficient evidence to support the determination below that claimant was not disabled by severe cardiovascular impairment, gastrointestinal impairment or pain, or depression, whether considered individually or in combination. There is no objective medical evidence of any disabling medical condition to support claimant's complaints of disability before March 1985.

 At argument, plaintiff's counsel moved to submit as new evidence a July 27, 1989 decision of the ALJ for supplemental social security benefits. In this decision, the ALJ found that plaintiff's musculoskeletal impairment meets Listing 1.05. Specifically, the ALJ determined that "[t]he medical evidence establishes that the claimant has severe musculoskeletal and psychiatric/intellectual impairments" and that "[t]he claimant has been under a 'disability,' as defined in the Social Security Act, since March 19, 1987 (20 CFR 416.920(d))."

42 U.S.C. § 405(g) provides that the court may at any time "order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." The new evidence plaintiff now seeks to submit is simply not material to the Secretary's 1985 decision that plaintiff retained the residual functional capacity to perform light work and, therefore, was not disabled. This new evidence makes it apparent that plaintiff has a degenerative disease that did not impede her ability to perform other light work prior to 1985. In *Oliver v. Secretary of Health & Human Services*, 804 F.2d 964, 966 (6th Cir.1986, Merritt, J.) the court was also presented with new evidence. There, we said:

> The new evidence was compiled in March 1985, and it does not reveal further information about the claimant's ability to perform light or sedentary work in December 1983. Claimant argues that the evidence shows his condition has worsened since the Secretary's decision was

made. While this may be true, it does not affect the Secretary's 1983 decision. (Citation omitted.)

Neither does this 1989 decision of the ALJ affect the Secretary's 1983 decision.

Substantial evidence supports the determination of the district court that claimant was not disabled from performing light work before her insurance eligibility expired in March 1985. The judgment of the district court is affirmed.

MERRITT, Chief Judge, dissenting.

I believe that the ALJ's July 27, 1989 decision which found that plaintiff was under a disability should have been considered by this Court. I disagree with the Court's holding that the new evidence plaintiff wanted to submit is not material to the Secretary's 1985 decision. One of plaintiff's arguments is that her musculoskeletal impairment should relate back to the date when her insured status expired. Because this new decision may have a bearing on that issue, I believe this Court should have taken judicial notice of the decision and considered it because it reveals "further information about the claimant's ability to perform light or sedentary work" on the earlier date. *See Oliver v. Secretary*, 804 F.2d 964, 966 (6th Cir.1986). If the Court is unwilling to consider the new decision, it should remand the case for that purpose.