919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul R. WHITE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-5642.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Paul R. White appeals the district court's judgment affirming the Secretary of Health and Human Services' denial of his claim for disability insurance benefits. For the reasons that follow, we affirm.
 
 I.
 
 2
 Paul R. White was born on February 1, 1939, and he was forty-three years of age when he filed his current application for a period of disability and disability insurance benefits on September 6, 1983. White has an eighth-grade education, and his past relevant work has been as a coal miner, a dispatcher, and a utility man. White alleges that he is disabled due to a back injury he suffered in an automobile accident in 1979.
 
 
 3
 White has filed several applications for disability benefits since sustaining his back injury, one of which resulted in an award of benefits from July 29, 1979, to October 28, 1980. A hearing on the current application was held before an administrative law judge ("ALJ"), who issued a decision denying benefits on August 9, 1984. Although White alleged a disability onset date of July 1979, the ALJ applied administrative res judicata to preclude finding White disabled prior to March 18, 1982, the date on which a prior application had been denied. White sought judicial review of the decision denying benefits, and on December 10, 1985, the district court remanded his case to the Secretary for a discussion and consideration of evidence of a pulmonary impairment.[1]
 
 
 4
 Following a supplemental hearing, the ALJ issued a decision on November 7, 1986, recommending that White be found to be disabled. The ALJ found that White has the exertional capacity to perform sedentary work, but that he has a nonexertional limitation of being unable to remain seated for more than a few minutes at a time due to discomfort. On the basis of a vocational expert's testimony that virtually no sedentary jobs would be available for a person who could sit for only one to two hours, the ALJ concluded that White's nonexertional limitation prevented him from engaging in work which existed in significant numbers in the national economy.
 
 
 5
 The ALJ mistakenly believed that White's insured status expired on March 31, 1986, and he recommended finding that White had been disabled "since February 1986, the earliest date the medical evidence confirms his subjective complaints of inability to remain seated." On review, the Appeals Council declined to adopt the recommended decision, noting that White's insured status expired on December 31, 1985. The Appeals Council remanded the case to the ALJ for clarification and further proceedings.
 
 
 6
 Following another supplemental hearing, the ALJ issued a recommended decision on December 24, 1987, finding that White was not disabled at any time prior to December 31, 1985. The ALJ noted that White's nonexertional limitation mentioned in the previous decision was not discovered until several months after White's insured status expired. Thus, the ALJ concluded that prior to December 31, 1985, White had the residual functional capacity to perform the full range of sedentary work. Pursuant to rules 201.19 and 201.20 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, App. 2, Table 1, the ALJ recommended finding that White was not disabled. The Appeals Council adopted the ALJ's recommended decision on March 7, 1988, and it became the final decision of the Secretary.
 
 
 7
 White filed the present action in the district court seeking review of the Secretary's decision denying his application for benefits. The parties filed cross-motions for summary judgment, and on March 19, 1990, the district court entered an order affirming the Secretary's decision. This timely appeal followed. The principal issue on appeal is whether the ALJ failed to consider evidence of White's condition after the expiration of his insured status.
 
 II.
 
 8
 The inquiry on review is whether the Secretary's findings are supported by substantial evidence and whether he correctly applied the law. Mullis v. Bowen, 861 F.2d 991, 992-93 (6th Cir.1988). We do not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987) (per curiam). We must examine the record taken as a whole, Duncan v. Secretary of Health & Human Serv., 801 F.2d 847, 852 (6th Cir.1986), and the fact that the record may also contain substantial evidence to support a conclusion different from that reached by the Secretary is irrelevant. Crisp v. Secretary of Health & Human Serv., 790 F.2d 450, 453 n. 4 (6th Cir.1986) (per curiam).
 
 
 9
 White's principal argument on appeal is that the ALJ erroneously failed to consider evidence of his condition after December 31, 1985, the date his insured status expired.[2] White asserts that the Social Security regulations indicate that all relevant evidence should be considered, with no rigid cut-off date. See 20 C.F.R. Sec. 404.1546; 20 C.F.R. Sec. 404.708. White also contends that this court has indicated that liberal evidentiary standards are applicable to administrative determinations. See Begley v. Matthews, 544 F.2d 1345 (6th Cir.1976), cert. denied, 430 U.S. 985 (1977).
 
 
 10
 White argues that the evidence excluded from consideration by the ALJ shows that he is unable to sit or stand for any appreciable length of time. The evidence relied on by White includes an April 4, 1986, medical report by Dr. Bruce A. Guberman. In the report, Dr. Guberman notes that White complained of low back pain which was made worse by prolonged sitting, standing or ambulation. Upon physical examination, Dr. Guberman reported that White was uncomfortable in the supine and sitting positions due to low back pain. White apparently concedes that this evidence provides the only basis for an award of benefits because he states in his brief "that the excluded medical evidence makes the difference in whether benefits are awarded or not."
 
 
 11
 "There is considerable authority in the Eighth, Eleventh, Fourth, Second and Seventh Circuits that ... medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir.1988). The evidence of a claimant's condition after expiration of his insured status is relevant "because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status." Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir.1984). Because a claimant must establish the onset of a disability prior to the expiration of his insured status, Garner v. Heckler, 745 F.2d 383, 390 (6th Cir.1984), post-expiration evidence "must relate to the claimant's condition prior to the expiration of his insured status...." Parsons v. Heckler, 739 F.2d 1334, 1340 (8th Cir.1984); see King v. Secretary of Health & Human Serv., 896 F.2d 204, 205-06 (6th Cir.1990) (per curiam).
 
 
 12
 Contrary to White's contention, the ALJ did not disregard the evidence of White's condition after expiration of his insured status. The ALJ specifically noted that Dr. Guberman's April 1986 report indicated that White was uncomfortable in the seated position. However, the ALJ concluded that Dr. Guberman's report did not establish the presence of a limitation prior to December 31, 1985, the date White's insured status expired. In fact, the ALJ noted that in his November 7, 1986, decision he found that February 1986 was the earliest date of medical evidence to support White's subjective complaints of inability to sit.[3] Since there was no medical evidence establishing that White's inability to sit existed prior to December 31, 1985, the ALJ properly concluded that White was not disabled since he could perform the full range of sedentary work.[4]
 
 
 13
 The Secretary's decision that White is not disabled is supported by substantial evidence. The record establishes that White suffers chronic low back pain, but there is a dearth of evidence regarding his capacity to sit. Although White has testified as to his inability to sit for any length of time, there is no medical evidence confirming the existence of this nonexertional limitation prior to expiration of White's insured status. See King, 896 F.2d at 206. The record includes several medical reports concerning White's back condition, but only one report prior to December 31, 1985, mentions White's problem with sitting.
 
 
 14
 Dr. Guberman conducted a consultative examination of White in October 1983, and he noted that White reported that his back pain was made worse by prolonged sitting, standing or walking. However, upon physical examination of White, Dr. Guberman noted that White was comfortable in the sitting position. Dr. Guberman diagnosed traumatic and degenerative arthritis of the lumbar spine, but he did not report any restriction on White's ability to sit.
 
 
 15
 It is interesting to note that Dr. Guberman's April 1986 report, on which White relies, simply states that White is "uncomfortable" in the sitting position due to low back pain. The report does not indicate how long White has experienced discomfort from sitting, and it does not state any restrictions regarding the length of time White can remain seated. Thus, even were the April 1986 report found to be indicative of White's condition prior to expiration of his insured status, it would not deprive the Secretary's decision of substantial evidence because the report does not establish that White is unable to sit for a sufficient length of time to perform sedentary work.
 
 
 16
 In the absence of medical evidence establishing a limitation as to sitting prior to December 31, 1985, the ALJ properly found that White could perform the full range of sedentary work.[5] Since White can perform the full range of sedentary work, the ALJ properly relied on the guidelines to establish the existence of a significant number of jobs in the national economy which White can perform. See Mullins v. Secretary of Health & Human Serv., 836 F.2d 980, 983 (6th Cir.1987) (per curiam). Accordingly, the Secretary's decision is supported by substantial evidence.
 
 III.
 
 17
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 White has previously alleged disability due to a pulmonary impairment and a mental impairment. On remand, the ALJ found that White had normal pulmonary functioning and no mental impairment, and White does not challenge these findings in this appeal
 
 
 [2]
 Although the argument section of White's brief has the heading "Incorrect Standards And Procedures Were Applied In Assessing Pain," White does not cite Duncan v. Secretary of Health & Human Serv., 801 F.2d 847 (6th Cir.1986), and he does not seem to argue that he is disabled due to pain
 
 
 [3]
 The ALJ apparently confused the date of Dr. Guberman's report with a February 1986 pulmonary examination conducted by Dr. R.V. Mettu. There is no reference in Dr. Mettu's report to White's inability to sit
 
 
 [4]
 White does not challenge the ALJ's finding regarding his exertional capacity to perform sedentary work
 
 
 [5]
 In Wages v. Secretary of Health & Human Serv., 755 F.2d 495, 499 (6th Cir.1985) (per curiam), we held that the ALJ's conclusion that the claimant could perform sedentary work was not supported by substantial evidence "[b]ecause the evidence showed that [the claimant] must be allowed to alternate between sitting and standing for her comfort." (Emphasis added). The present case is distinguishable from Wages because the evidence fails to show that White had a limitation as to sitting prior to expiration of his insured status