922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eve O. TAYLOR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-5675.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1991.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and FORESTER*, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Taylor filed application for benefits under the Social Security Act in December of 1986, and it was denied administratively. She had a hearing before an administrative law judge (ALJ) in 1988 and her application was again denied, and the Appeals Council upheld this determination. Taylor filed an action seeking review in the district court and the matter was referred to a magistrate who made a lengthy report and recommendation.
 
 
 2
 The magistrate first analyzed carefully the ALJ's decision, noting that he had found Taylor to have severe impairments "related to mild osteoarthritis of the cervical and lumbar spine" but not an impairment which met the applicable listings in the Act or regulations. The magistrate noted further that plaintiff's reports of symptoms, limitations, and pain were found not to be credible by the ALJ, who found Taylor to have "residual functional capacity to perform work-related activities," including those connected with her past relevant work, citing 20 C.F.R. Secs. 404.1565 and 416.965. The ALJ thus concluded that Taylor's impairments did not prevent her from performing her past relevant work and denied benefits.
 
 
 3
 The magistrate analyzed the record carefully in his sixteen page report and recommendation that the Secretary's denial of benefits be affirmed. He noted that Dr. Vaughn A. Allen, in January 1988, gave the following opinion: Taylor "does complain significantly of persistent pain, but I cannot find an anatomic reason for this, by physical examination or by her studies."[1]
 
 
 4
 We find the magistrate's analysis to be borne out by substantial evidence. Judge Morton made a de novo determination adopting the report and pointing out, significantly:
 
 
 5
 Carter v. Secretary, 834 F.2d 97 (6th Cir.1987), does not support the plaintiff.... Unlike Carter, the present plaintiff, who was represented by counsel very experienced in Social Security matters, did not produce evidence to "overcome the presumption that the Secretary's generalization [in the dictionary of occupational titles] applies to [the plaintiff's] previous work by demonstrating that his duties were not those envisioned by the framers of the Secretary's category."
 
 
 6
 Before the magistrate, Taylor challenged the ALJ's reliance on the rulings as a violation of the Administrative Procedure Act (APA) because the ALJ allegedly had given regulatory effect to certain rulings without prior notice and comment rulemaking procedures as required. The magistrate concluded that the Social Security Rulings are exempt from the notice and comment rulemaking procedures because they fall under the category of "interpretive rules, general statements of policy, or rules of agency organization, procedure or practice" which are exempted from the notice or hearing requirements of the section. We agree.
 
 
 7
 Section 55 of APA requires the publication of a proposed substantive rule in the Federal Register in order to provide public notice and an opportunity to comment on the proposed rule. This requirement, however, does not apply to "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. Sec. 553(b)(A); Friedrich v. Secretary of Health and Human Servs., 894 F.2d 829, 834 (6th Cir.), cert. denied, 110 S.Ct. 59 (1990).
 
 
 8
 We have defined "interpretive rule" as "a statement made by an agency to give policy guidance to its staff and affected parties in administering a statute or regulation." McCown v. Secretary of Health and Human Servs., 796 F.2d 151, 157 (6th Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 9
 For the reasons indicated by the magistrate, we AFFIRM the decision of the Secretary.
 
 
 
 *
 THE HONORABLE KARL S. FORESTER, Judge, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Dr. Allen found only "mild degenerative osteoarthritic changes" and a "modest degree of degenerative disc disease."