74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alyce NEIHOFF, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 94-2117.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1996.
 
 Before: KEITH, JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's summary judgment award affirming the Commissioner's determination that Plaintiff is not entitled to disability insurance benefits under the Social Security Act, 42 U.S.C. Sec. 405.
 
 
 2
 * Plaintiff Alyce Neihoff filed an application for benefits, alleging she became disabled on July 13, 1989, due to postoperative bilateral carpal tunnel syndrome, tendonitis, tenosynovitis, and thyroid disease. Her application was denied initially and on reconsideration. Mrs. Neihoff requested and received a de novo hearing before an administrative law judge. The ALJ denied benefits, and the appeals council declined Mrs. Neihoff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. Mrs. Neihoff filed a complaint in the district court seeking judicial review of the final decision. The district court accepted the magistrate's recommendation and granted the Commissioner's motion for summary judgment, thus denying Mrs. Neihoff benefits. This timely appeal followed.
 
 
 3
 At the time of the hearing, Mrs. Neihoff was a fifty-five year old married high school graduate. She worked as an electronics assembler and leader at Kysor of Cadillac from 1971-77, and an electronics assembler at General Dynamics from 1977-87. These jobs entailed assembling circuit boards by bending, crimping, and soldering pins and wires to them and bolting them down. Between May 1989 and July 1989 she returned to work as an assembler, and between April 1991 and June 1991 she attempted work as a wire sorter/cutter. Both attempts were unsuccessful due to her pain. Between 1980 and 1981, during a layoff at General Dynamics, Mrs. Neihoff completed training for and worked at a real estate company as a realtor. Her real estate job involved the "normal type" of realtor work, including writing applications, driving clients to homes, and negotiating closings.
 
 
 4
 In early 1987, Mrs. Neihoff experienced pain in both hands and forearms and consequently stopped work at General Dynamics. She underwent carpal tunnel release surgery on both wrists. Notwithstanding the surgery, she maintained little grip strength and experienced greater pain. Five medical doctors, two psychologists, and an occupational therapist examined Mrs. Neihoff between 1980 and 1991. Each found her capable of working, within certain limitations.
 
 
 5
 Mrs. Neihoff testified concerning her limitations--ranging from the inability to open doors and jars to cutter her hair off because she could not comb it--due to the pain in her hands. A vocational expert testified that Mrs. Neihoff could perform light work. The Commissioner found that Mrs. Neihoff had the residual functional capacity to perform light work that did not involve constant or repetitive use of her hands. Specifically, the Commissioner found that Mrs. Neihoff could perform her past work as a real estate agent.
 
 II
 
 6
 We are confronted with the issue of whether substantial evidence supports the Commissioner's finding that Mrs. Neihoff is not disabled. Judicial review of the Commissioner's decision is authorized by Section 205(g) of the Social Security Act. The Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. Sec. 405(g). As stated in Myers v. Secretary of HHS:
 
 
 7
 The standard of review applicable to this case is whether the [Commissioner's] decision to exclude appellants is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984); 42 U.S.C. Sec. 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In our review, we do not consider the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. Garner, 745 F.2d at 387.
 
 
 8
 893 F.2d 840, 842 (6th Cir.1990).
 
 
 9
 We must affirm the Commissioner's decision if her findings and inferences reasonably drawn from the record are supported by substantial evidence, even if that evidence could support a contrary decision. Casey v. Secretary of Health & Human Services, 987 F.2d 1230, 1233 (6th Cir.1993).
 
 
 10
 In Farris v. Secretary of HHS, 773 F.2d 85, 88-89 (6th Cir.1985), this court described the application of a five-step inquiry used in reviewing Social Security disability claims. See 20 C.F.R. Sec. 416.920. The fourth step of this inquiry requires the Commissioner to determine whether a claimant has the residual functional capacity to perform past relevant work. If a claimant can still perform such past relevant work, a finding of disability is precluded. Id. The Commissioner relied on this step to hold that Mrs. Neihoff was not disabled, finding she had the residual functional capacity to perform light work that did not entail constant or repetitive use of the hands. Accordingly, the Commissioner concluded that Mrs. Neihoff was not disabled, because with this residual functional capacity, she could perform past relevant work as a real estate agent.
 
 
 11
 Mrs. Neihoff does not dispute the determination that she has the ability to perform light work, excepting that work which entails constant or repetitive use of her hands or wrists. She contends, however, that there is no support for the finding that her former job of real estate agent does not require repeated use of the hands, exceeding her residual functional capacity.
 
 
 12
 The Commissioner relied on Mrs. Neihoff's testimony concerning what her past job as a real estate agent required. Mrs. Neihoff stated that in her job at Lee Realty, she used the telephone, walked door to door, flipped through books of property listings, used the computer, made appointments, typed in information on offers to purchase, drove (a lot) to buyers and sellers, measured rooms, and wrote new information on listings. J.A. at 102. In addition, she testified that she currently drives very little because she cannot hold or grasp the wheel for prolonged periods of time without aching. J.A. at 46. It is not apparent to the court the extent to which the Commissioner took into account, if at all, the magnitude of driving required by Mrs. Neihoff's previous real estate agent job. Abundant driving certainly requires the constant and repetitive use of the hands and wrists.
 
 
 13
 Further, the Dictionary of Occupational Titles (DOT) indicates that real estate work requires frequent reaching, handling, and fingering. This court recognizes the limited utility of the DOT when contrasted against evidence demonstrating the true nature of previous work. See Carter v. Secretary of HHS, 834 F.2d 97, 98 (6th Cir.1987). Nevertheless, when, as in the instant case, the evidence demonstrating the true nature of previous work is consistent with the DOT definition, the DOT may be used to aid in defining the actual character of the work.
 
 
 14
 Mrs. Neihoff's electronics assembly work unquestionably required more use of the hands and wrists than her real estate job. But, it does not follow, necessarily, that her past real estate job was within her residual functional capacity. We find the analysis of the Commissioner lacking, not taking into account substantial evidence which diminishes the evidence relied upon to deny benefits.
 
 
 15
 Accordingly, we REVERSE the district court's award of a summary judgment and REMAND this cause to the Commissioner for further consideration of the demands of Mrs. Neihoff's former real estate job, specifically the use of her hands in satisfying the job's driving requirements. The Commissioner should determine whether such real estate job is within Mrs. Neihoff's residual functional capacity, and if not, apply the remainder of the five-step test to determine whether Mrs. Neihoff is disabled.
 
 
 
 *
 Pursuant to the Social Security Independence and Program Improvements Act of 1994, Public Law 103-296 Sec. 106(d), 108 Stat. 1464, 1476 (1994) (effective March 31, 1995), the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security. Accordingly, Shirley S. Chater, Commissioner of Social Security, is substituted as Defendant for Donna E. Shalala, Secretary of Health and Human Services. Although Secretary Shalala was responsible for the actions of the Social Security Administration at the time of the final decision in this case, we refer to the Defendant here as "the Commissioner."