106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude A. PRICE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-5092.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Claude A. Price appeals the judgment affirming the denial of his application for social security disability benefits by defendant, Shirley S. Chater, Commissioner of Social Security.
 
 I.
 
 2
 Claimant Price filed an application for social security disability benefits on October 26, 1992, alleging he became disabled on March 3, 1985. The application was denied initially and upon reconsideration. Claimant then requested a hearing before an administrative law judge ("ALJ"), who issued a decision denying claimant's application on October 12, 1993. The ALJ concluded that claimant failed to establish the existence of a severe impairment prior to the date he was last insured for disability purposes. The Appeals Council denied a request for review on February 14, 1994. Consequently, the decision of the ALJ became the final decision of the Commissioner.
 
 
 3
 Claimant filed a complaint in the United States District Court for the Western District of Kentucky. A magistrate issued a report and recommendation to affirm the Commissioner's decision that claimant was not disabled. The district court adopted the magistrate's recommendation on December 6, 1995.
 
 
 4
 Claimant Price was 59 years old at the time his disability insured status expired on December 31, 1990. He has a high school education and previously worked as the chief executive of a construction company. Claimant alleged his disability began when because of psychological impairments, he retired from Price Construction Company in March 1985. At the hearing before the ALJ, claimant testified that in the latter part of 1984, he began to have a difficult time dealing with employees and personnel, and in March 1985, he dissolved his company. Claimant testified that originally he planned to get away for a short period of time, revitalize himself, and then return and start his company again. However, once he closed the business, his condition did not improve.
 
 
 5
 Claimant conceded that he did not seek or receive any medical treatment for his alleged psychological symptoms at any time prior to his retirement or anytime afterwards. The only medical evidence in the record concerning his psychological condition is a psychiatric evaluation prepared by Dr. Rogelio Silva, a psychiatrist. The psychiatric evaluation by Dr. Silva was conducted on April 20, 1993, approximately eight years after the alleged onset date of disability and two and one-half years after plaintiff's disability insured status expired on December 31, 1990.
 
 
 6
 The district court affirmed the decision of the Commissioner that claimant failed to present medical evidence of a "severe impairment" prior to the expiration of his insured status on December 31, 1990, and was not eligible for benefits. Claimant filed a timely notice of appeal.
 
 II.
 
 7
 The standard of review is to determine whether the findings of the Commissioner are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 683 (6th Cir.1992). Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support a conclusion. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir.1993).
 
 
 8
 In order to establish entitlement to social security disability insurance benefits, claimant must establish that he became "disabled" prior to the expiration of his insured status. 42 U.S.C. §§ 423(a) and (c); Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir.1990). In the present case, claimant alleges that he became disabled in March 1985 due to a mental impairment. However, he did not file his application for benefits until October 1992, over seven years later. The record reflects that claimant's insured status expired on December 31, 1990. Therefore, claimant must prove that he became disabled prior to December 31, 1990 in order to be entitled to disability insurance benefits. Post-expiration evidence must relate back to the claimant's condition prior to the expiration of his date last insured. King v. Secretary of Health and Human Services, 896 F.2d 204, 205-06 (6th Cir.1990).
 
 
 9
 Claimant bears the ultimate burden of proof on the issue of disability. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir.1990). Although the burden of persuasion always rests with the claimant, the burden of going forward with evidence on the issue shifts between the parties from time to time. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984). It is only after the claimant has established his inability to return to his former occupation because of a severe impairment that the burden shifts to the Commissioner to go forward with evidence that the claimant can perform other work. Id. In the present case, because the ALJ found that claimant did not have a severe impairment at any time prior to the expiration of his insured status, the burden never shifted to the Commissioner. Gist v. Secretary of Health and Human Services, 736 F.2d 352, 357-58 (6th Cir.1984).
 
 
 10
 Claimant contends that the ALJ's decision is not based on substantial evidence. According to claimant, his testimony, when coupled with Dr. Silva's report, provides substantial evidence for finding that he became disabled prior to the expiration of his insured status on December 31, 1990. He contends that the ALJ erroneously failed to complete the sequential evaluation process after determining that claimant did not have a severe impairment prior to the expiration of his insured status.
 
 
 11
 We do not agree. There is substantial evidence to support the ALJ's conclusion that there is no credible medical evidence of the existence of a severe mental impairment which would have limited claimant's ability to perform basic work functions prior to December 31, 1990. We agree with the Commissioner that examination of the record reveals no medical evidence of disability that is directly related to the period prior to the expiration of claimant's insured status. At the hearing before the ALJ, claimant and his attorney conceded that claimant had never sought medical attention for any alleged psychological limitations prior to his application for benefits.
 
 
 12
 The psychiatric evaluation, upon which claimant relies, was performed eight years after his alleged onset of disability and two and one-half years after his disability insured status expired. Although Dr. Silva's April 1993 assessment of claimant's residual functional capacity indicates significant limitations in claimant's ability to work at that time, this assessment does not provide substantial evidence that claimant was suffering from a severe impairment prior to that time. When asked by counsel for verification of his opinion, Dr. Silva replied, "Unfortunately, from my evaluation with Mr. Price, I am unable to equivocally [sic] state that the conditions and impairment have truly existed from the date Mr. Price left his employment. I really cannot say exactly when the onset of the conditions from which Mr. Price suffers occurred." The only physician to examine claimant was unable to provide medical evidence that claimant was disabled prior to December 31, 1990. Thus, there is no objective medical evidence of any disabling medical condition to support claimant's complaints of disability before December 1990. It is claimant's burden to prove the existence of a disabling impairment prior to the expiration of his insured status, but he has failed to do so. Dr. Silva's report does not relate back to claimant's condition prior to the expiration of his insured status. The only evidence which would support claimant's allegation is his own testimony at the hearing before the ALJ that he became frustrated and could not function during the relevant time period. However, such unsupported testimony is not sufficient to document a "severe" impairment. 42 U.S.C. § 423(d)(5)(A); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988).
 
 
 13
 Claimant's argument that the ALJ erroneously failed to complete the sequential evaluation process is also without merit. In Bowen v. Yuckert, 482 U.S. 137, 146 (1987), the Supreme Court upheld the regulation which allows the Commissioner to determine that a claimant does not have a medically severe impairment without considering the claimant's age, education, and work experience. As this court has stated, the Commissioner may use the severity requirement to screen out claims that are totally groundless from a medical standpoint. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988). In the present case, the ALJ determined there was no medical evidence of a severe mental impairment which would have limited claimant's ability to perform basic work functions prior to December 31, 1990. Consequently, there was no reason to proceed with the sequential evaluation process. Gist, 736 F.2d at 357-58.
 
 
 14
 To conclude, there is substantial evidence to support the Commissioner's conclusion that claimant failed to prove the existence of a disabling impairment prior to the expiration of his insured status. The decision of the Commissioner is AFFIRMED.