Christine WIRTH, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 03–5154.

United States Court of Appeals, Sixth Circuit.

Dec. 19, 2003.

Christine Wirth, Bulls Gap, TN, for Plaintiff–Appellant.

Mary L. Senoo, Social Security Administration, Office of the General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before RYAN, MOORE, and ROGERS, Circuit Judges.

## ORDER

This is a direct appeal from a district court judgment affirming a decision by the Commissioner to deny Social Security disability benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Christine Wirth filed an application with the Social Security Administration for disability benefits based on a combination of impairments. This matter was the subject of an evidentiary hearing before an administrative law judge ("ALJ") who concluded that Wirth was not entitled to the benefits requested. This conclusion became the final decision of the Commissioner, and on June 4, 2002, Wirth took a statutory appeal to the district court on the authority of 42 U.S.C. § 405(g). On December 12, 2002, the district court granted the Commissioner's motion for summary judgment. Wirth filed a timely notice of appeal on January 30, 2003.

Wirth claimed that she became disabled as of July 1, 1992, because of a combination of back / neck pain, memory loss, headaches, sleep apnea, vision and hearing impairments, and panic attacks. Wirth was last gainfully employed in 1992 and, based on her earnings record, her insured status expired on December 31, 1997. *See* 42 U.S.C. § 423(c). It was therefore Wirth's burden in these proceedings to prove that she was disabled within the meaning of the Social Security Act prior to 1998. *See Moon v. Sullivan,* 923 F.2d 1175, 1182 (6th Cir.1990). To that end, Wirth introduced medical evidence as well as her own testimony. Unfortunately for Wirth, however, she was able to introduce only a limited amount of medical documentation of her conditions prior to the expiration of her insured status. The remainder of her medical evidence consists entirely of material going to complaints and treatment in and after 1999. The district court found, and Wirth does not point out any error in this regard, that none of these latter medical opinions contained any notation that Wirth's problems were longstanding or that they would adversely affect her ability to perform her prior employment.

In addition to this evidence, the Commissioner (through the ALJ) also had the benefit of the opinion of a consulting physician and a vocational expert. The consulting physician opined that Wirth was capable of performing a variety of tasks carrying ten to twenty pounds, on occasion, with no limitations in her ability to sit, stand, walk, or to carry out instructions. The vocational expert offered her opinion, in response to a hypothetical question, that an individual with Wirth's characteristics could return to her previous light duty employment as well as perform a number of other jobs existing in the economy.

The ALJ considered this evidence and concluded that Wirth was not entitled to the benefits sought as she: 1) was not disabled; 2) could perform her prior work; and 3) retained the residual functional capacity to perform other work existing in the economy. The Commissioner adopted this recommendation, and the district court found that this decision was supported by the necessary quantum of evidence.

On appeal, Wirth sets forth a general challenge to the district court's decision and appends what appear to be medical treatment notes from 2001. Wirth's appeal will therefore be construed as setting forth two issues. First, Wirth questions the sufficiency of evidence supporting the Commissioner's decision. The submission of the treatment notes will be treated as a request for a "sentence six" remand to the Commissioner for consideration of this additional evidence. Neither issue has any merit.

Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his conclusion. "Substantial evidence" in this context is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This court will not review the evidence de novo, make credibility determinations nor weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

█ The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Wirth completely failed to carry her burden to show that, during the relevant time period from July 1992 to December 31, 1997, she suffered an impairment, or combination of impairments, expected to last at least twelve months that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A). Wirth's post–1997 evidence does not contain any indication that she is disabled or that any of her conditions necessarily arose during her insured period. Post-expiration evidence must relate back to the claimant's condition prior to the expiration of her date last insured. *King v. Sec'y of Health and Human Servs.*, 896 F.2d 204, 205–06 (6th Cir.1990). The Commissioner's decision is supported by sufficient evidence.

█ Wirth is also not entitled to a remand for the consideration of additional evidence. Generally, a court cannot overturn the decision of the Commissioner based on evidence not in the record. *See, e.g., Cotton v. Sullivan*, 2 F.3d 692, 695–96 (6th Cir.1993). A court may order a remand for consideration of newly submitted evidence, but only upon a showing that the evidence is in fact new, material, and that good cause exists for the claimant's failure to include it in a prior proceeding. 42 U.S.C. § 405(g), sentence six. This is referred to as a "sentence six remand." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988).

A review of the materials appended to Wirth's appellate brief shows that none of the required "sentence six" elements is present. The materials are dated 2001; they are not conclusive on any relevant point; and there is no reason apparent for Wirth's failure to introduce this evidence at some prior stage of the litigation. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.